UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAHEEM BRENNERMAN,** | : | **CIVIL NO. 1:21-CV-1518** |
| | : | |
| Petitioner | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **RACHEL THOMPSON,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM ORDER

This case is a habeas corpus petition filed by a federal prisoner pursuant to 28 U.S.C. § 2241, which challenges the outcome of a disciplinary hearing. (Doc. 1.) In connection with this petition the petitioner also filed a motion seeking discovery regarding the underlying basis for this disciplinary citation. (Doc. 7.) The Respondents have not yet filed a response to this petition but they have been directed to respond and we anticipate that any response will include a full evidentiary record of this disciplinary proceeding. Accordingly, at this juncture, the petitioner's motion for discovery, (Doc. 7), is DENIED without prejudice.

Habeas petitioners have no absolute right to make discovery demands upon respondents. Rather, decisions on discovery requests rest in the sound discretion of the court. As the United States Court of Appeals for the Third Circuit has noted:

> Just as bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing, see Wacht v. Cardwell, 604 F.2d 1245, 1246 n. 2 (9th Cir.1979), neither do they provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who chooses to seek such discovery. Under Rule 6(a) of the Rules Governing Habeas Corpus Cases Under § 2254 the district court has discretion to decide the extent to which discovery is appropriate. The Advisory Committee Note to Rule 6 makes clear that prior court approval is required to prevent abuse.

Mayberry v. Petsock, 821 F.2d 179, 185 (3d. Cir. 1987)

These discovery rules in § 2254 petitions apply with equal force to federal habeas petitions under § 2241. See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that habeas rules are "applicable to Section 2241 petitions through Rule 1(b)").

Exercising this discretion, we will deny this request at this time. This petition challenges the outcome of a disciplinary proceeding. Yet, substantive attacks on the sufficiency of the evidence in this disciplinary hearing must meet a demanding legal standard to succeed. A prison disciplinary determination comports with due process if it is based on "some evidence." See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985) ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board"). This standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the

evidence. See id. at 455; Thompson v. Owens, 889 F.2d 500, 501-02 (3d Cir. 1989). Therefore, it is well settled that the decision of the DHO is entitled to considerable deference by a reviewing court and must be upheld whenever there is "some evidence" to support the decision. Hill, 472 U.S. at 457; Elkin v. Fauver, 969 F.2d 48 (3d Cir. 1992); Thompson v. Owens, 889 F.2d 500 (3d Cir. 1989); Franco v. Kelly, 854 F.2d 584, 588 (2d Cir. 1988); Freeman v. Rideout, 808 F.2d 949, 955 (2d Cir. 1986).

Thus, in this setting the "function [of the court] is to determine whether there is some evidence which supports the decision of the [DHO]." Freeman, 808 F.2d at 954. As the Supreme Court has observed, the "some evidence" standard is a highly deferential standard of review, and:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Hill, 472 U.S. at 455-456.

Applying this deferential standard, once the reviewing court determines there is "some evidence" to support the finding of the DHO, the court must reject the evidentiary challenge by the petitioner and uphold the finding of the DHO. Griffin v. Spratt, 969 F.2d 16, 22 (3d Cir. 1992); Thompson, 889 F.2d 501; Freeman, 826

F.2d at 954. In practice, courts have rarely condemned correctional disciplinary decisions as being wholly lacking in evidentiary support and have frequently concluded that disciplinary findings are supported by the requisite degree of proof. See, e.g., Fiore, 336 F. App'x 168 (upholding disciplinary decision); Macia, 219 F. App'x 229 (same); Reynolds, 197 F. App'x 196 (same); Levi, 193 F. App'x 172 (same); Sinde, 252 F. Supp. 2d 144 (same).

Given this deferential standard of review, in the exercise of our discretion we will deny this request for further discovery, a request which seems premised upon the motion that we conduct some form of *de novo* review of disciplinary proceedings. Since this premise is incorrect, we will deny this motion without prejudice to the petitioner renewing a request for limited discovery upon a proper showing of good cause after the Respondent has filed her response.

## Order

For the foregoing reasons, the petitioner's motion for discovery (Doc. 7), is DENIED without prejudice to renewal upon good cause shown.

So ordered this 18th day of October 2021.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge